UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



3:30pm
FILED
JUL 25 2007
CLERK, US DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 2:07-cv-342 |
| ) | |
| JOHN CROCKETT HENRY ) | |
| a/k/a JOHN CROCKETT HENRY, JR. ) | |
| a/k/a JAMES CROCKETT HENRY ) | |
| a/k/a J. C. HENRY ) | |
| and HENRY LLC OF VIRGINIA BEACH, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## CIVIL COMPLAINT

Plaintiff, United States of America, alleges:

### NATURE OF ACTION

1. This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 (the "Fair Housing Act").

### JURISDICTION & VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 42 U.S.C. § 3612(o). Venue is proper in this jurisdiction, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 3612(o), because the defendants are located in this judicial district and the events or omissions giving rise to the claim occurred in this judicial district.

1

## PARTIES

3. Defendant Dr. John Crockett Henry a/k/a John Crockett Henry, Jr. a/k/a James Crockett Henry a/k/a J. C. Henry ("Dr. Henry") resides in Virginia Beach, Virginia. Dr. Henry is the managing member and/or president of Henry LLC of Virginia Beach ("Henry LLC"). Dr. Henry is, or was at times relevant to this action, the site manager of a thirty (30)-unit residential rental complex located at 15½ Street, in Virginia Beach, Virginia ("the subject premises").

4. Defendant Henry LLC is a corporation having its principal place of business in Virginia Beach, Virginia. Henry LLC is, or was at times relevant to this action, the owner of the subject premises.

5. The units available for rent at the subject premises are dwellings within the meaning of 42 U.S.C. § 3602(b).

6. At times relevant to this action, Dr. Henry operated the subject premises under the federally-subsidized Section 8 Housing Choice Voucher Program, also known as the Section 8 Moderate Rehabilitation Program, pursuant to 24 C.F.R. § 882.101, et seq. At times relevant to this action, rental units at the subject premises were available to income-qualified applicants through the City of Virginia Beach's Department of Housing and Neighborhood Preservation ("DHNP"). DHNP administered the housing subsidy program for the subject premises under a contract with the Department of Housing and Urban Development ("HUD").

## THE HUD COMPLAINANTS

7. Crystal Lewis, who is black, resided at 825 15½ Street, Apartment 1 at the subject premises, with her husband and minor nephew, from approximately October 2004, until March 2006. On or about August 30, 2006, Ms. Lewis filed a timely HUD complaint under 42 U.S.C. § 3610(a) against Dr. Henry and Henry LLC, alleging that the defendants discriminated on the basis of race in connection with the rental of the subject premises in violation of the Fair Housing Act.

8. Arlene Carter, who is black, resided at 823 15½ Street, Apartment 1 at the subject premises, from approximately November 2003, until February 2007. Ms. Carter has two minor daughters who resided with her at the subject premises. On or about November 16, 2006, Ms. Carter filed a timely HUD complaint under 42 U.S.C. § 3610(a) against Dr. Henry and Henry LLC, alleging that the defendants discriminated on the basis of race in connection with the rental of the subject premises in violation of the Fair Housing Act. On or about November 30, 2006, Ms. Carter amended her HUD complaint to add a claim of retaliation against the defendants, under 42 U.S.C. § 3617.

9. Annette Reddick, who is black, has resided with her minor grandson at the subject premises, since April 2006. On or about September 25, 2006, Annette Reddick filed a timely HUD complaint under 42 U.S.C. § 3610(a) against Dr. Henry and Henry LLC, alleging that the defendants discriminated on the basis of race in connection with the rental of the subject premises in violation of the Fair Housing Act. On or about January 27, 2007, Annette Reddick amended her HUD complaint to add a claim of retaliation against the defendants, under 42 U.S.C. § 3617.

10. Tasha Reddick, who is black, has resided with her two minor children at the subject premises, since March 2006. On or about February 9, 2007, Tasha Reddick filed a timely HUD complaint under 42 U.S.C. § 3610(a) against Dr. Henry and Henry LLC, alleging that the defendants discriminated on the basis of race in connection with the rental of the subject premises in violation of the Fair Housing Act.

11. Tiese Mitchell, who is black, has resided with her two minor children at the subject premises, since January 2005. On or about January 22, 2007, Ms. Mitchell filed a timely HUD complaint under 42 U.S.C. § 3610(a) against Dr. Henry and Henry LLC, alleging that the defendants discriminated on the basis of race in connection with the rental of the subject premises in violation of the Fair Housing Act. On or about March 6, 2007, Annette Reddick amended her HUD complaint to add a claim of retaliation against the defendants, under 42 U.S.C. § 3617.

12. Crystal Lewis, Arlene Carter, Annette Reddick, Tasha Reddick, and Tiese Mitchell ("the HUD Complainants") are aggrieved persons within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(i).

## FACTUAL ALLEGATIONS

13. As required by the Fair Housing Act §§ 3610(a) and (b), the Secretary of HUD ("the Secretary") conducted an investigation of the above-mentioned complaints, attempted conciliation without success, and prepared a final investigative report. Based on the information gathered in this investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred at the subject premises. Therefore, on or about April 26, 2007, the Secretary issued a Determination of

4

Reasonable Cause and a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the defendants with engaging in discriminatory practices in violation of the Fair Housing Act.

14. On or about May 18, 2007, the Complainants elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action, pursuant to 42 U.S.C. § 3612(a).

15. The Secretary subsequently authorized the Attorney General to commence this action, pursuant to 42 U.S.C. § 3612(o).

16. The defendants, individually or through their agents, have engaged in discriminatory housing practices at the subject premises, including, but not limited to, the following practices:

    a. Issuing termination of tenancy notices to black tenants and otherwise threatening to evict black tenants because of their race;

    b. Making statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on race;

    c. Imposing different terms and conditions of the rental of dwellings because of race, including, but not limited to: issuing "no trespass" notices against the guests of black tenants, imposing a "quiet time" and other restrictive rules and regulations against black tenants, verbally harassing black tenants with racial slurs and epithets, conducting intrusive surveillance of black tenants' activities, entering black tenants' apartments without cause or notice, disrupting a black tenant's utility service without cause or

        notice, and restricting black tenants' use of public areas of the subject premises; and

    d.    Refusing to rent to tenants and evicting tenants on the basis of familial status by enforcing a limit of two children per family at the subject premises.

## COUNT I

17. Plaintiff re-alleges and incorporates by reference herein the allegations set forth above.

18. By the actions and statements described above, the defendants have, individually or through their agents:

    a.    Discriminated against persons in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services in connection with such dwellings because of race or color, in violation of 42 U.S.C. § 3604(b);

    b.    Made statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination on the basis of race or color, in violation of 42 U.S.C. § 3604(c); and

    c.    Coerced, intimidated, threatened or interfered with persons in the exercise or enjoyment of rights granted or protected by Section 3603, 3604, 3605, or 3606 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

19. The Complainants have suffered damages as a result of the defendants' unlawful conduct as described above.

20. Defendants' actions and statements described in the preceding paragraphs were

intentional, willful, and taken in disregard for the fair housing rights of the Complainants.

## COUNT II

21. Plaintiff re-alleges and incorporates by reference herein the allegations set forth above.

22. By the actions and statements described above, the defendants have, individually or through their agents:

    a. Refused to rent a dwelling, or otherwise made unavailable dwellings, because of familial status, in violation of 42 U.S.C. § 3604(a);

    b. Discriminated against persons in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services in connection with such dwellings because of race, color, or familial status, in violation of 42 U.S.C. § 3604(b);

    c. Made statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination on the basis of race, color, or familial status, in violation of 42 U.S.C. § 3604(c); and

    d. Coerced, intimidated, threatened or interfered with persons in the exercise or enjoyment of rights granted or protected by Section 3603, 3604, 3605, or 3606 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

23. The conduct of the defendants, as described above, constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, et seq.; and

    b. A denial to a group of persons of rights granted by the Fair Housing Act,

42 U.S.C. §§ 3601, et seq., which denial raises an issue of general public importance.

24. In addition to the Complainants, there may be other victims of the defendants' discriminatory actions and practices who are aggrieved persons as defined by the Fair Housing Act, 42 U.S.C. § 3602(i). These persons have suffered damages as a result of the defendants' discriminatory conduct as described herein.

25. The defendants' actions and statements, as set forth above, were intentional, willful, and taken in disregard for the fair housing rights of aggrieved persons.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an Order that:

1. Declares that the defendants' conduct, as set forth above, violates the Fair Housing Act §§ 3601, et seq., specifically 42 U.S.C. §§ 3604(a), (b), (c) and 3617;

2. Declares that the defendants have engaged in a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, and that a group of persons has been denied rights granted by the Fair Housing Act and that such denial raises an issue of general public importance;

3. Enjoins the defendants, their officers, agents, employees, and successors, and all other persons in active concert or participation with any of them, from:

   a. discriminating on the basis of race, color, or familial status, in violation of the Fair Housing Act §§ 3601, et seq.; and

   b. failing or refusing to take such steps that may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to

the extent practicable, the effects of the defendants' unlawful housing practices;

4. Awards monetary damages to the Complainants and to all other persons harmed by the defendants' discriminatory practices, under 42 U.S.C. §§ 3612(o)(3), 3613(c)(1), and 3614(d)(1)(B); and

5. Assesses a civil penalty against each defendant in order to vindicate the public interest, in an amount authorized by the Fair Housing Act, 42 U.S.C. § 3614(d)(1)(C).

The United States further prays for such additional relief as the interests of justice may require.

Dated: July 25, 2007

                                    Respectfully submitted,
                                    ALBERTO GONZALES
                                    Attorney General

                                    WAN J. KIM
                                    Assistant Attorney General

| | |
|---|---|
| | By: _____ |
| CHUCK ROSENBERG | STEVEN H. ROSENBAUM |
| UNITED STATES ATTORNEY | Chief, Housing & Civil Enforcement Section |
| Eastern District of Virginia | REBECCA B. BOND |
| | Deputy Chief |
| By: _Susan L. Watt_ | By: _Lori K. Wagner_ |
| SUSAN L. WATT | LORI K. WAGNER |
| Virginia Bar #17733 | Virginia Bar #39446 |
| Supervisory Ass't. United States Attorney | Trial Attorney |
| Attorney for United States of America | Attorney for the United States of America |
| United States Attorney's Office | United States Department of Justice |
| 8000 World Trade Center | Civil Rights Division |
| 101 West Main Street | Housing & Civil Enforcement |
| Norfolk, VA 23510 |    Section - NWB |
| Phone: 757-441-6331 | 950 Pennsylvania Avenue, NW |
| Fax: 757-441-6689 | Washington, D.C. 20530 |
| susan.watt@usdoj.gov | Phone: 202-305-3107 |
| | Fax: 202-514-1116 |
| | lori.wagner@usdoj.gov |