**UNITED STATES DISTRICT COURT**
                    **EASTERN DISTRICT OF VIRGINIA**
                           **Norfolk Division**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

   v.                                             **CIVIL ACTION NO. 2:07cv342**

**JOHN CROCKETT HENRY,**
**and**
**HENRY LLC OF VIRGINIA BEACH,**

      **Defendants.**

                          <u>**MEMORANDUM ORDER**</u>

This case comes before the court on a motion to intervene. For the reasons set forth below, the motion to intervene is **GRANTED**.

### I. Factual and Procedural History

Defendant Henry LLC of Virginia Beach ("Henry LLC") owns a thirty-unit residential apartment complex located on 15 1/2 Street, Virginia Beach, Virginia ("Apartments"). During the times relevant to this motion, Annette Reddick, Tasha Reddick, Tiese Mitchell, Crystal Lewis, and Arlene Carter ("HUD Complainants"), and their minor children, R.C., Z.C., J.J., J.M., and J.M. ("Infants"), lived in the Apartments. During the time they lived in the Apartments, the HUD Complainants filed complaints with the Office of Fair Housing and Equal Opportunity ("FHEO") of the United States

Department of Housing and Urban Development ("HUD").[1] In their complaints, the HUD Complainants claimed they experienced discriminatory and harassing treatment by Henry LLC and defendant John Crockett Henry ("Henry"), who is the site manager of the Apartments.

After an investigation of the complaints filed by the HUD Complainants, the FHEO determined that there was reasonable cause to find that defendants Henry and Henry LLC (collectively, "defendants") had violated the Fair Housing Act, 42 U.S.C. § 3601 et seq., and thus filed charges against defendants on behalf of the HUD Complainants. In accordance with 42 U.S.C. § 3612(a), the HUD Complainants elected to have these charges decided in a civil action.[2] Pursuant to 42 U.S.C. § 3612(o), the United States instituted the present action against defendants on July 25, 2007.[3]

---

[1] Crystal Lewis filed a complaint on August 30, 2006; Annette Reddick filed a complaint on September 25, 2006; Arlene Carter filed a complaint on November 16, 2006; Tiese Mitchell filed a complaint on January 22, 2007; and Tasha Reddick filed a complaint on February 9, 2007.

[2] 42 U.S.C. § 3612(a), in relevant part, states that "When a charge is filed . . . a complainant, a respondent, or an aggrieved person on whose behalf the complaint was filed, may elect to have the claims asserted in that charge decided in a civil action . . . ."

[3] 42 U.S.C. § 3612(o), in relevant part, states that "If an election is made under [section 3612(a)] . . . the Attorney General shall commence and maintain, a civil action on behalf of the aggrieved person in a United States district court seeking relief under this subsection."

In this action, pursuant to 42 U.S.C. § 3614(a),[4] the United States further alleges that defendants' conduct constitutes a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act. On August 29, 2007, the HUD Complainants and the Infants (collectively, "Proposed Intervenors") filed the instant motion to intervene.[5] The Proposed Intervenors attached a proposed intervening complaint to their motion, in compliance with Federal Rule of Civil Procedure 24(c). Defendants filed a response on August 31, 2007, and the Proposed Intervenors replied on September 6, 2007. The United States filed a response to the Proposed Intervenors' motion to intervene on September 7, 2007. Accordingly, this matter is ripe for review.

**II. Analysis**

**A. Legal Standard**

Once a civil action has been filed pursuant to 42 U.S.C. § 3612(o), "[a]ny aggrieved person with respect to the issues to be

---

[4] 42 U.S.C. § 3614(a), in relevant part, authorizes the Attorney General to commence a civil action:

> whenever [there is] reasonable cause to believe that any person . . . is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by [the Fair Housing Act], or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance . . . .

[5] The Proposed Intervenors originally filed their motion to intervene on August 23, 2007. They withdrew this motion on August 29, 2007, in order to comply with Local Civil Rule 7(C)(1)(b), regarding the use of personal identifiers for minors.

determined in a civil action under [section 3612(o)] may intervene as of right in that civil action." 42 U.S.C. § 3612(o)(2). The Fair Housing Act defines an "aggrieved person" as "any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." Id. § 3602(i).

The Fair Housing Act also allows for intervention in a civil action commenced by the Attorney General under section 3614(a): "Upon timely application, any person may intervene in a civil action commenced by the Attorney General under [section 3614(a)] which involves an alleged discriminatory housing practice with respect to which such person is an aggrieved person . . . ." Id. § 3614(e).

Federal Rule of Civil Procedure 24(a) provides that "Upon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene." In contrast to the "intervention of right" afforded by Rule 24(a), Rule 24(b) allows for "permissive intervention" when "(1) a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).

4

### B. HUD Complainants

Neither defendants nor the United States dispute that the HUD Complainants have a right to intervene in this action under 42 U.S.C. § 3612(o)(2). The court agrees. Section 3612(o)(2) confers an unconditional right upon the HUD Complainants to intervene. They filed their complaints with the FHEO claiming to have been injured by defendants' discriminatory housing practices, and therefore they fit squarely within the definition of "aggrieved persons" provided by the Fair Housing Act. Id. § 3602(i); see also, e.g., United States v. Country Club Garden Owners Ass'n, 159 F.R.D. 400, 402-03 (E.D.N.Y. 1995).

Furthermore, the HUD Complainants' motion to intervene is timely. Fed. R. Civ. P. 24(a). It was filed prior to defendants' filing their answer to the United States' complaint, prior to the holding of the Rule 16(b) scheduling conference, and prior to the commencement of discovery. E.g., NAACP v. New York, 413 U.S. 345, 366 (1973) ("Timeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion . . . ."). Intervention by the HUD Complainants will not prejudice the parties. Accordingly, the HUD Complainants' motion to intervene is **GRANTED**.

### C. Infants

Defendants assert that the Infants are not appropriate complainants in this matter, because "there are no facts alleged in

5

any of the alleged discriminatory acts or statements that were directed to the minor children nor is there any allegation that they were in any manner injured as a consequence of the alleged . . . actions of [defendants]." (Br. on Behalf of Defs. in Resp. to Mot. to Intervene of HUD Complainants 2.) This argument is without merit. The Infants have an unconditional right to intervene under 42 U.S.C. § 3614(e).[6] See, e.g., United States v. Marsten Apartments, Inc., 175 F.R.D. 265, 268-69 (E.D. Mich. 1997). They seek to intervene in an action commenced by the Attorney General under 42 U.S.C. § 3614(a), which action involves the same alleged discriminatory housing practices that are the subject of the United States' complaint. 42 U.S.C. § 3614(e). The Infants are aggrieved persons, because their proposed intervening complaint contains claims that they have been injured by defendants' discriminatory housing practices.[7] As noted above, the Infants'

---

[6] Both the HUD Complainants and the Infants also meet the standard for permissive intervention under Rule 24(b). Their motion is timely, the proposed intervening complaint contains questions of law and fact that are common to the United States' complaint, an independent ground of subject matter jurisdiction exists, and intervention will not prejudice the parties. E.g., Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co., 223 F.R.D. 386, 387 (D. Md. 2004).

[7] The proposed intervening complaint contains numerous allegations that the Infants (as well as the HUD Complainants) were injured by defendants' discriminatory housing practices. The Proposed Intervenors assert, inter alia, that defendants impose "quiet time" on black residents, but not white residents; that defendants referred to children of black residents as "monkeys" and "niggers"; that defendants told the HUD Complainants that they could only have children of a certain sex living with them; and

motion is timely, and will result in no prejudice to the parties. Therefore, the Infants' motion to intervene is **GRANTED**.

### III. Conclusion

For the reasons set forth above, the motion to intervene is **GRANTED**. The Clerk is **DIRECTED** to add the Proposed Intervenors as plaintiffs in the above-styled civil action and file the proposed intervening complaint.[8] The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

                                                          __/s/ Rebecca Beach Smith_

                                                          Rebecca Beach Smith
                                                          UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

October  1, 2007

---

that defendants entered the apartments of black residents when they were not at home and without justification or the residents' consent. (Proposed Intervening Compl. ¶ 15.) These allegations clearly support the claim that the Infants have been injured by defendants' discriminatory housing practices.

[8] Defendants shall have twenty days from the date of this Memorandum Order to answer the intervening complaint.