**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**IN RE WILLIAM A. WHITE**

**UNITED STATES OF AMERICA, et al.,**

     **Plaintiffs,**

**v.**                        **Civil Action No. 2:07cv342**

**JOHN CROCKETT HENRY, et al.,**

     **Defendants.**

**INTERVENING PLAINTIFFS' OBJECTIONS TO**
**MAGISTRATE JUDGE'S OPINION AND ORDER**

Intervening Plaintiffs Annette Reddick, Tasha Reddick, Tiese Mitchell, Crystal Lewis, Arlene Carter, et al. ("Intervening Plaintiffs"), by counsel, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(c), hereby object to the findings and conclusions of Magistrate Judge F. Bradford Stillman ("Magistrate Judge") as reflected in his July 25, 2008 Opinion and Order ("Opinion").[1]  The Magistrate Judge's findings, as further amplified in the accompanying Memorandum of Law, are both erroneous and contrary to law in the following respects and should not be adopted by this Court[2]:

     1.     This case presents an anomaly.  The Magistrate Judge correctly and "unequivocally" found "little question" that an internet posting revealing the personal information (home address and telephone number) of counsel and counsel's spouse, articulating various methods of harassing them and declaring them fair and "open game,"

---

[1]By Order of this Court, entered August 6, 2008, Intervening Plaintiffs and White were granted until August 25, 2008 to file their Objections.

constituted "bad-faith conduct...designed to interfere with counsel's representation of Intervening Plaintiffs" in this pro bono fair housing case. (*See* Opinion at 40.)[3] He also found "without hesitation" that, had "significantly inappropriate actions [been] directed to the court," as opposed to counsel, "swift and commensurate sanctions" would have resulted. (Opinion at 41 n.42.) Nevertheless, the Magistrate Judge incorrectly concluded that he could not do anything whatsoever to address the misconduct.

2.    This finding was incorrect and clearly erroneous. All federal courts, by their very creation, have the inherent power to sanction such litigation misconduct. See Chambers v. NASCO, 501 U.S. 32 (1991). The Magistrate Judge's finding runs contrary to the rule in Chambers.

3.    The heart of the Magistrate Judge's finding was his reasoning that he could not, or should not, exercise the inherent power discussed in Chambers because doing so would run afoul of the perpetrator's right to free speech under the First Amendment to the United States Constitution. However, the Magistrate Judge's legal reasoning on this point was incomplete, based on incorrect legal premises, and was contrary to the evidence as will be more fully explained in the accompanying brief in support of these objections. For instance, the Magistrate Judge incorrectly reduced the question to whether the perpetrator's actions amounted to a "true threat," when well-settled jurisprudence mandates that this question is not the only step in the analysis. Courts must also engage in a balancing test weighing the government's interest in

---

[2] As explained in the accompanying Memorandum of Law, since the Opinion was fully dispositive of the sanction motion against White, a nonparty, this matter can be appropriately reviewed under Rule 72(b) of the Federal Rules of Civil Procedure.

[3] If White, by August 25th, fails to file objections to such finding and similar others, he is bound by such findings.

regulating the speech against the speaker's rights to say what was said.  See, e.g., U.S. v. Carmichael, 326 F. Supp. 2d 1267 (M.D. AL 2004).

4.     Had the Magistrate Judge engaged in the required analysis, he would have concluded that the speech was not entitled to First Amendment protection; the Magistrate Judge correctly found that the speaker's "First Amendment interest in such conduct 'is not particularly strong'" in this case.  (Op. at 71 (quoting Carmichael, 326 F. Supp. 2d at 1290).)  Had the Magistrate Judge properly balanced that finding against the Judiciary's substantial interest in preserving the efficiency, dignity and decorum of its proceedings, not to mention the safety of its officers and personnel, it is obvious that he would have concluded that sanctioning this bad faith conduct was constitutionally permissible.  The Magistrate Judge simply did not engage in this analysis.

5.     Moreover, and contrary to the Magistrate Judge's reasoning, the speech here did amount to a "true threat."  Thus, under United States Supreme Court and Fourth Circuit case law, such speech receives no First Amendment protection at all.  The Magistrate Judge's finding of no true threat and, thus, protection under the First Amendment's right to free speech, was clearly erroneous and contrary to the law and evidence.

WHEREFORE, as explained more fully in the brief filed contemporaneously herewith, as well as previously-filed pleadings and briefs pertaining to this matter, Intervening Plaintiffs respectfully request the Court (1) not accept the Magistrate Judge's findings and conclusions, (2) that their Objections to the Magistrate Judge's Opinion and Order be sustained and (3) that the matter be resolved by finding that non-party William "Bill" A. White's actions are sanctionable under this Court's inherent powers enunciated in Chambers, and (4) that such misconduct constituted a contempt of Court that should be

3

punished with (i) civil sanctions including an award of costs and attorney fees, and (ii) criminal sanctions, in which event the matter should be referred to the United States Attorney for the Eastern District of Virginia pursuant to the provisions of Rule 42 of the Federal Rules of Criminal Procedure.  Lastly, Intervening Plaintiffs request permission to present oral argument on this matter once fully briefed.

**ANNETTE REDDICK,**
**TASHA REDDICK**
**TIESE MITCHELL,**
**J.M., an infant, by his next friend, Tiese Mitchell,**
**J.M., an infant, by her next friend, Tiese Mitchell,**
**CRYSTAL LEWIS,**
**J.J., an infant, by his next friend, Crystal Lewis,**
**ARLENE CARTER,**
**R.C., an infant, by her next friend, Arlene Carter**
**and**
**Z.C., an infant, by her next friend, Arlene Carter,**

By:      /s/ Dawn L. Serafine

| | |
|---|---|
| Anthony F. Troy, Esquire | Dawn L. Serafine, Esquire |
| Virginia Bar Number 05985 | Virginia Bar Number 48762 |
| Kevin W. Mottley, Esquire | Counsel for Intervening Plaintiffs |
| Virginia Bar Number 40179 | TROUTMAN SANDERS LLP |
| Counsel for Intervening Plaintiffs | 150 W. Main Street, Suite 1600 |
| TROUTMAN SANDERS LLP | Norfolk, VA  23510 |
| 1001 Haxall Point | Telephone: (757) 687-7558 |
| Richmond, VA 23219 | Facsimile: (757) 687-1537 |
| Telephone: (804) 697-1200 | E-mail:  dawn.serafine@troutmansanders.com |
| Facsimile: (804) 697-1339 | |
| E-mail:  tony.troy@troutmansanders.com | |
| E-mail:  kevin.mottley@troutmansanders.com | Jason E. Manning, Esquire |
| | Virginia Bar Number 74306 |
| | Counsel for Intervening Plaintiffs |
| | TROUTMAN SANDERS LLP |
| | 222 Central Park Ave, Suite 2000 |
| | Virginia Beach, VA  23462 |
| | Telephone: (757) 687-7764 |
| | Facsimile: (757) 687-1524 |
| | E-mail:  jason.manning@troutmansanders.com |

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August 2008, I will electronically file the foregoing Intervening Plaintiffs' Objections to Magistrate Judge's Opinion and Order using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following file users:

### Counsel for the United States
Lori K. Wagner, Esquire (VSB No. 39446)
Daniel Yi, Esquire
Attorneys for the United States of America
United States Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section – NWB
950 Pennsylvania Ave, NW
Washington, D.C. 20530
E-mail: lori.wagner@usdoj.gov

Rebecca Byfield Bond, Esquire
Attorney for the United States of America
United States Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section – NWB
950 Pennsylvania Ave, NW
Washington, D.C. 20530
E-mail: rebecca.bond@usdoj.gov

Susan L. Watt (VSB No. 17733)
Supervisory Ass't, United States Attorney
Attorney for the United States of America
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
E-mail: susan.watt@usdoj.gov

### Counsel for Defendant
Barry Randolph Koch
Inman & Strickler PLC
575 Lynnhaven Pkwy
Suite 200
Virginia Beach, VA 23452
(757) 486-7055
E-mail: bkoch@inmanstrickler.com

5

**<u>Counsel for William White</u>**
Harry Brown, Esquire
Law Office of Harry Brown
125 Kirk Avenue
Roanoke, VA 24011
(540) 345 0200
E-mail: harry@hblawoffice.roacoxmail.com


/s/ Dawn L. Serafine
Dawn L. Serafine, Esquire
Virginia Bar Number 48762
Counsel for Intervening Plaintiffs
Troutman Sanders LLP
150 West Main Street, Suite 1600
Norfolk, Virginia  23510
Telephone: (757) 687-7558
Facsimile: (757) 687-1537
E-mail: dawn.serafine@troutmansanders.com

1760653v5