UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



UNITED STATES OF AMERICA,

      Plaintiff,

and

ANNETTE REDDICK, ET AL.,

      Intervening Plaintiffs,

v.                        CIVIL ACTION NO. 2:07cv342

JOHN CROCKETT HENRY, ET AL.,

      Defendants,

and

WILLIAM A. WHITE,

      Movant.

**MEMORANDUM ORDER**

This matter comes before the court pursuant to an order of remand from the United States Court of Appeals for the Fourth Circuit. See Reddick v. White, No. 08-2286, 2011 U.S. App. LEXIS 23937 (4th Cir. Dec. 1, 2011). On July 25, 2008, United States Magistrate Judge F. Bradford Stillman issued an Opinion and Order denying the Intervening Plaintiffs' Motion for Sanctions and for Issuance of a Rule to Show Cause to William "Bill" A. White (collectively, "the Motion for Sanctions"). See Op. and Order, ECF No. 98. On October 14, 2008, this court

issued its Final Order, affirming the magistrate judge's decision under a clearly erroneous or contrary to law standard. See Final Order 2, ECF No. 111. The Intervening Plaintiffs appealed the court's decision on November 11, 2008. On December 1, 2011, the Fourth Circuit issued an unpublished per curiam opinion, vacating the district court's Final Order on the narrow issue of sanctions and remanding the case for the district court to perform a de novo review of the magistrate judge's order denying sanctions. See Reddick, 2011 U.S. App. LEXIS 23937, at *7. The Fourth Circuit's mandate issued February 8, 2012.

## I.

The Fourth Circuit's opinion in Reddick focuses in part on two procedural characteristics of the magistrate judge's consideration of sanctions. First, Reddick states that "[t]he district court referred the matter to a magistrate judge for an evidentiary hearing," and that "the magistrate judge was to enter a 'report and recommendation.'" Id. at *2-*3 & n.*. However, the district court never entered any specific Referral Order on the Motion for Sanctions. Rather, the motion was automatically referred by the Clerk pursuant to the Norfolk Division's Standing Order on Assignment of Certain Matters to United States Magistrate Judges (Apr. 1, 2002), which directs, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), Federal

2

Rule of Civil Procedure 72(a), and Local Civil Rule 72, all non-dispositive discovery matters to the magistrate judge assigned to the underlying case, with no further written directive from the district judge assigned to the case.   No Report and Recommendation was ever requested or issued in this case.   The magistrate judge's Opinion and Order clearly denies the Motion for Sanctions, see Op. and Order 2, 75-76, and explicitly declines to certify or otherwise refer the matter to the United States District Judge, see id. at 29.   There is a single mention from the April 2, 2008, hearing, in the minutes entry by the Clerk on the docket sheet, that the magistrate judge "indicate[d] a report and recommendation will be forthcoming." Minute Entry, ECF No. 72.   This one reference in the Clerk's minutes is simply incompatible with the actions of, and the opinion issued by, the magistrate judge, as well as the referral as it actually occurred as set forth above.

Second, the Fourth Circuit's opinion classifies the magistrate judge's denial as "'dispositive of a claim,' that is, a claim for sanctions against White," because it was issued after the conclusion of the underlying litigation.   Reddick, 2011 U.S. App. LEXIS 23937, at *6-*7.   The Motion for Sanctions was referred to the magistrate judge by the Clerk on March 4, 2008, and became fully briefed on March 26, 2008; the magistrate judge then held a hearing on the motion on April 2,

3

2008.   The alleged sanctionable conduct itself, the briefings thereon, and all attendant sanctions proceedings were complete before the entry of the parties' Consent Decree on May 13, 2008, when the court dismissed the case, agreed with prejudice.   See Order, ECF No. 96.   Because the Motion for Sanctions was classified as a pretrial, non-dispositive matter at the time of its filing and consideration, and was referred to the magistrate judge as such by the Clerk pursuant to 28 U.S.C. § 636(b)(1)(A) and the Standing Order on Assignment of Certain Matters to United States Magistrate Judges (Apr. 1, 2002), the court reviewed the Intervening Plaintiffs' Objections to the magistrate judge's Opinion and Order under a clearly erroneous or contrary to law standard.

## II.

Further, the Fourth Circuit's opinion in Reddick implicates two unsettled areas of law within the circuit.   The opinion rests in part on its characterization of the Motion for Sanctions as a dispositive motion because the underlying case had been dismissed by the time of the magistrate judge's order. Reddick, 2011 U.S. App. LEXIS 23937, at *6-*7.   However, the Fourth Circuit has previously held that 28 U.S.C. § 636(b)(1)(A) enumerates the list of "certain specified motions . . . which Congress considered to be 'dispositive.'"   Aluminum Co. of Am v. EPA, 663 F.2d 499, 501 (4th Cir. 1981); see also Batiste v.

4

Catoe, 27 Fed. App'x 158, 159 (4th Cir. 2001) (unpublished) (citing with approval Maisonville v. F2 Am., 902 F.2d 746 (9th Cir. 1990), for the proposition that "'dispositive' motions are limited to the listing contained in § 636(b)(1)(A)"). Motions for sanctions are not among those motions specified in the statute. See 28 U.S.C. § 636(b)(1)(A). Indeed, one court has already noted that characterization of 28 U.S.C. § 636(b)(1)(A) as providing a "non-exhaustive" list of dispositive motions "appears contrary to the construction of that statutory provision" in prior case law within the circuit. William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11cv887, 2012 U.S. Dist. LEXIS 8875, at *17 (M.D. N.C. Jan. 24, 2012); see id. at *18 (stating further that the declaration in Reddick "constitutes undeveloped dicta in tension with other unpublished Fourth Circuit decisions . . as well as the plain language of the statutory text").

More broadly, the Fourth Circuit's opinion addressed whether a magistrate judge has any inherent power to impose sanctions in a case,[1] answering in the negative. See Reddick,

---

[1] The magistrate judge considered his statutory authority to impose sanctions under 28 U.S.C. § 636(e), including for any misbehavior in the magistrate judge's presence, but decided those powers did not extend to the conduct at issue. See Op. and Order 29 & n.35. Instead, the magistrate judge found "its inherent authority would provide ample support for any decision to sanction White." Id. at 29. This case involves imposition

2011 U.S. App. LEXIS 23937, at *5-*6 ("Magistrate judges have <u>no</u> inherent Article III powers — they have only those powers vested in them by Congress.") (emphasis added).   No prior Fourth Circuit case has similarly disavowed any inherent power of magistrate judges to issue sanctions.   The few cases that have touched on the issue are, at most, unclear.   See, e.g., <u>Republic Leasing Co. v. Restaurant Equip. Mktg. Specialists, Inc.</u>, No. 98-2414, 1999 U.S. App. LEXIS 34308, at *20 (4th Cir. 1999) (unpublished) ("[W]e are satisfied that the magistrate judge, under the circumstances, possessed the inherent power to award those expenses pursuant to Rule 26(e).").

In support of its position that magistrate judges lack the inherent power to sanction, the Fourth Circuit cited a Ninth Circuit case, <u>N.L.R.B. v. A-Plus Roofing, Inc.</u>, 39 F.3d 1410, 1415 (9th Cir. 1994), stating "federal magistrates are creatures of statute."   See <u>Reddick</u>, 2011 U.S. App. LEXIS 23937, at *5-*6. The Ninth Circuit's statement came in the distinguishable context of a magistrate judge's jurisdiction over criminal trials; far more recently, the Ninth Circuit has upheld a magistrate judge's award of sanctions under the "court's inherent authority."   <u>E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP</u>, 432 Fed. App'x 657, 658 (9th Cir. 2011)

_____

of sanctions for conduct during the discovery process before the magistrate judge.   Contempt power is not at issue here.

(unpublished); see id. at 659 ("This court reviews for abuse of discretion an award of sanctions granted under a court's inherent power. Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991).") (citation omitted).

In reviewing other circuits, the case law is decidedly mixed. See, e.g., Rottlund Co. v. Pinnacle Corp., 2005 U.S. Dist. LEXIS 4263, at *6 n.1 (D. Minn. Feb. 17, 2005) ("There exists some disagreement among federal courts . . . . However, the cases seem to favor de novo review of the magistrate judge's findings and recommendations, especially in cases where, as here, sanctions are based in part upon the inherent power of the district court."). But see, e.g., Phinney v. Paulshock, 181 F.R.D. 185 (D.N.H. 1998) ("A magistrate judge may apply an inherent powers sanction of costs and fees."). Relatedly, cases from various districts also assert a magistrate judge's inherent power to control his or her docket, another non-statutory power that would stand contrary to the reasoning adopted in Reddick. See, e.g., Sims v. Charter One Bank, No. 3:10cv2941, 2011 U.S. Dist. LEXIS 149932, at *9 (Dec. 30, 2011 N.D. Ohio) ("Exercising the inherent power to control her docket, the Magistrate grants the Motion to Dismiss.").

Nothing in this Memorandum Order is meant to suggest that a magistrate judge's decisions are not subject to review; the unsettled issues are whether a magistrate judge has the inherent

power to control and sanction parties in proceedings ongoing
solely before him on his docket, and what constitutes a
dispositive matter. Answers to these unsettled questions then
control the type of review of the magistrate judge's decisions
the district judge must undertake, be it de novo or clearly
erroneous. Compare 28 U.S.C. § 636(b)(1)(A) (clearly erroneous
or contrary to law standard of review for pretrial matters
designated to magistrate judges), and Fed. R. Civ. P. 72(a)
("When a pretrial matter not dispositive of a party's claim or
defense is referred to a magistrate judge to hear and decide, .
. . [t]he district judge in the case must consider timely
objections and modify or set aside any part of the order that is
clearly erroneous or is contrary to law."), with 28 U.S.C.
§ 636(b)(1)(B) and (C) (de novo standard of review for certain
dispositive matters designated to magistrate judge), and Fed. R.
Civ. P. 72(b) ("A magistrate judge must promptly conduct the
required proceedings when assigned, without the parties'
consent, to hear a pretrial matter dispositive of a claim or
defense . . . . The district judge must determine de novo any
part of the magistrate judge's disposition that has been
properly objected to.").

## III.

Consequently, having previously reviewed the matter under a clearly erroneous or contrary to law standard and under the procedural posture set forth above,[2] and given the unsettled nature of the law in this circuit on these controlling issues,[3] the court is simply unable to make a proper de novo review of the record at this juncture. As such, the court **RECUSES** herself from further consideration of the matter, and **DIRECTS** that the case be assigned randomly to another district judge for further proceedings. The Clerk **SHALL** forward a copy of this Memorandum Order to all parties.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 13, 2012

---

[2] See supra Part I.

[3] See supra Part II.

9