UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

OCT 2 3 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

        Plaintiff,

and

ANNETTE REDDICK, *et al.*

        Intervening Plaintiffs,

v.

Civil No. 2:07cv342

JOHN CROCKETT HENRY, *et al.*

        Defendants.

## ORDER

Currently before the Court is Defendant William A. White's Motion for Appointment of Counsel. ECF No. 172.[1] For the reasons set forth below, Mr. White's motion is **GRANTED**.

This matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit for a *de novo* review of Magistrate Judge Stillman's Order Denying Intervening Plaintiffs' Motion for Sanctions and for Issuance of a Rule to Show Cause to William "Bill" A. White. ECF Nos. 98, 128. The original underlying litigation arose when the United States brought suit against the owner of an apartment complex, Henry

---

[1] Also pending before the Court are Mr. White's Motion for Contempt, Motion to Dismiss Intervening Plaintiff's Motion for Contempt for Fraud Upon the Court, and Motion for a Subpoena. ECF Nos. 135-137. Those motions will be considered separately and will <u>not</u> be addressed at this time.

LLC of Virginia Beach, for alleged violations of the Fair Housing Act. Various residents of that apartment complex intervened in the underlying litigation ("Intervening Plaintiffs"). Mr. White was a non-party who became involved in the underlying litigation when the Intervening Plaintiffs' lead attorney, Kevin Mottley, issued subpoenas to him based on a letter that he allegedly wrote to the Intervening Plaintiffs and on his blog postings about the case. The subpoenas sought to investigate whether Mr. White had any connection to Dr. John Crockett Henry, President of Henry LLC. Mr. White moved to quash the subpoenas, ECF No. 36, but before the Court could rule on his motion, the Intervening Plaintiffs filed a Motion for Sanctions against Mr. White based on internet postings in which he allegedly threatened Mr. Mottley. ECF No. 44. After a hearing on various motions, including the Intervening Plaintiffs' Motion for Sanctions, Magistrate Judge Stillman issued a lengthy opinion denying the Motion for Sanctions. ECF No. 98. The Intervening Plaintiffs brought their objections to Magistrate Judge Stillman's Order before the District Court, ECF No. 102, and the District Court affirmed the Order under a clear error standard. ECF No. 111. The Intervening Plaintiffs appealed the District Court's ruling, arguing that they were entitled to a de novo review of Magistrate Judge Stillman's Order. ECF No. 113. The Fourth Circuit agreed and vacated the

District Court's Order.[2]   ECF No. 128.   The case was then assigned to the undersigned judge.  Magistrate Judge Stillman's Order is therefore once again before the Court for review, now under a de novo standard.  By Order issued on August 7, 2012, the Court provided notice to the parties of its decision to set a hearing in this matter.  ECF No. 169. Because Mr. White was incarcerated in a separate criminal matter, the Court notified him of his options for ensuring his representation at the hearing and ordered Mr. White to inform the Court of how he wished to proceed. ECF No. 169.  On August 23, 2012, Mr. White filed the instant Motion for Appointment of Counsel.   ECF No. 172.

A district court has discretionary power to appoint counsel to represent an indigent party in civil litigation.  28 U.S.C. § 1915(e)(1) (2012); see also Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968).  The Court has determined that appointment of counsel is appropriate in this case.   Mr. White remains incarcerated in a separate criminal matter and would therefore face geographical challenges in directly defending against the Intervening Plaintiffs' motion.  Additionally, the complexity of the issues and defenses involved in the motion further support the appointment of counsel in this case.   Therefore, the Court

---

[2] The underlying litigation was settled during the pendency of the Intervening Plaintiffs' appeal.

**GRANTS** Mr. White's Motion for Appointment of Counsel. ECF No. 172.

Section 1915(e)(1) does not authorize federal courts to require attorneys to represent indigent litigants in civil cases. <u>Mallard v. United States District Court</u>, 490 U.S. 296, 309 (1989). The Court has only the ability to <u>request</u> that an attorney represent such a litigant. <u>Id.</u> at 310. The Court has asked Rebecca Glenberg with the American Civil Liberties Union ("ACLU") to represent Mr. White and she has agreed to do so on a pro bono basis. Accordingly, the Court **APPOINTS** Rebecca Glenberg with the ACLU to represent Mr. White. The representation will extend only to this case. As Mr. White has requested counsel, the Court will presume that Mr. White has no objection to the above unless Mr. White notifies the Court in writing of any specific objection within fifteen (15) days of the date of service of this Order upon him by the U.S. Marshals. Ms. Glenberg, and/or counsel working with her at the ACLU, should contact Mr. White at her earliest convenience and may direct any appropriate retainer agreement to Mr. White for his review and endorsement.

The Clerk is **DIRECTED** to send a copy of this Order to Ms. Glenberg at the ACLU, to counsel for the Plaintiffs, and to counsel for the Intervening Plaintiffs. The United States

4

Marshal Service is **ORDERED** to serve this Order on Defendant William A. White.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 22, 2012

5