UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA, et al.,

        Plaintiffs,

v.                            Civil Action No. 2:07cv342

JOHN CROCKETT HENRY, et al.,

        Defendants.

--------------------------------

In Re:   William A. White, Movant/Respondent

## REPORT AND RECOMMENDATION

On October 11, 2016, Movant and non-party, William A. White ("White") filed a Motion to Sanction the United States and two of its attorneys pursuant to Federal Rule of Civil Procedure 11(c)(2). (ECF No. 218). White claims that the United States, through its attorneys, violated Rule 11(b)(3) "by making . . . factual contentions knowing that they did not have evidentiary support." [1] Id. The matter was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. After reviewing the allegations and relevant pleadings in this case, White has

---

[1] White explicitly claims violations of Rule 11(b)(3), but his pleadings indicate that he assigns an improper motive or purpose to the Government's alleged misrepresentations. As a result, the court will also assess his claims under Rule 11(b)(1).

1

failed to show that the United States violated Rule 11(b)(3) and the undersigned recommends that the district court DENY his Motion to Sanction (ECF No. 218).

## I.   BACKGROUND

This matter arises from a 2007 fair housing case in which White was not a party.  White became involved as a result of racially offensive messages he allegedly sent or posted regarding the Plaintiffs and their attorneys.  As a result of the messages, Plaintiffs and their counsel filed contempt proceedings against White, which resulted in his eventual appearance in the case as a non-party.  While the contempt proceedings were pending against him, White filed his own motion for contempt (ECF No. 135) on February 21, 2012.  White's contempt motion argued that the United States had been complicit in misrepresenting certain evidence related to anonymous phone calls to Plaintiffs' attorney, which the Government later alleged had been made or instigated by White.  White made similar arguments in a contemporaneously filed motion opposing the Government's contempt request against him, and seeking a subpoena for evidence he alleged would support his claims.  (ECF Nos. 136, 137).

The United States moved to seal White's contempt pleadings, as well as its responsive briefs opposing them.  (ECF Nos. 146, 149).  The Government's Motion to Seal observed that White had

2

been convicted on criminal charges related to transmitting threats via interstate commerce and using intimidation to influence, delay, or prevent testimony in official proceedings. (ECF No. 147, at 4) (citing judgment order in United States v. White, 7:08cr54 (W.D. Va. April 10, 2010)). The Motion to Seal also alleged that the materials described by White's contempt pleadings were made available to him through discovery in the Western District criminal proceedings, and that the presiding district judge in that matter had entered a Protective Order, both at the time of the disclosure and after White's conviction. (ECF Nos. 147-1, 147-2). The Government's sealing motion noted that White's pleadings identified individuals by name, and sought sealing in part to protect any more individuals from threats or harassment related to the claims made in White's pleadings. The court granted the Government's motions, sealing the contempt pleadings and briefing over his objection. (ECF Nos. 165, 166). All of these proceedings concluded in 2012.

In August 2016, White filed a "Motion to Unseal Motion for Contempt and Related Documents." (ECF No. 205). His 2016 motion claimed that his original 2012 contempt filings included a transcript related to evidence he referred to in his contempt filings. He also claimed that the documents were sealed without his knowledge, and that he needed them to prosecute habeas proceedings related to his recent conviction in the Western

3

District of Virginia.  White then filed a second motion which he styled, "Motion to Amend the Motion to Unseal."  (ECF No. 215).  In his Motion to Amend, White sought to add an additional argument in favor of unsealing – namely, that the original Order to seal was obtained by fraud.

White filed the instant Motion to Sanction as a result of the Government's responsive pleadings to his unsealing motions (ECF Nos. 205, 215).  Specifically, White claims that the United States, through its attorneys, made the following factual misrepresentations in connection with its opposition to White's unsealing requests:

> 1) That the transcript which [White] asked to have unsealed was tendered to [him] in discovery in WD Va 08-cr-054, and that said discovery was the source of the transcript which [he] filed with the Court;
>
> 2) That said transcript is subject to a protective order in WD Va 08-cr-054, and, is not part of the discovery which is not subject to a protective order in ND Ill 08-cr-851;
>
> 3) That [White] made a phone call to Kevin Mottley, when this entire proceeding is over a tape recording of their informant, [      ], making that phone call;
>
> 4) That [White] ha[s] ever been found to have violated a protective order in any proceeding.

Mot. to Sanction, at 1-2 (ECF No. 218).

Because White's current motion for sanctions identified the same individual sought to be protected by the Government's original sealing motion, the court has sealed White's present

pleadings to protect that individual.  The Government opposed White's motion for sanctions, (ECF No. 223), and White replied (ECF No. 228).  Because of the undersigned's familiarity with the recent sealing and unsealing requests which produced White's sanctions motion, the presiding district judge requested a report and recommended disposition for the motion.

## II.  STANDARD OF REVIEW

When a pleading is submitted by a party, there is an implicit representation to the court that it is not being presented for any improper purpose and that it has evidentiary support for factual contentions or denials.  See Fed. R. Civ. P. 11(b)(1)-(4).  Rule 11 requires that an attorney conduct a reasonable investigation of the factual and legal basis for his claim before filing.  Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991).  When sanctions are sought pursuant to Rule 11(b)(2) or (b)(3), the standard is one of "objective reasonableness" and the court must focus on "whether a reasonable attorney in like circumstances could believe his actions to be factually and legally justified."  Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987).  Specifically, the court must assess "what was reasonable to believe at the time the pleading . . . was filed."  Id. at 467 (citing Fed. R. Civ. P. 11 advisory committee's notes).  A filing is made for an "improper purpose" if it was filed in bad faith and meant to

5

harass, cause unnecessary delay, or increase the cost of litigation. See In Re Kunstler, 914 F.2d at 518. Even where there is a clearly misleading statement, sanctions are only appropriate where it was made in a deliberate attempt to mislead. See In re Bees, 562 F.3d 284, 288 (4th Cir. 2009). Ultimately, the decision to impose sanctions under Rule 11 is left to the sound discretion of the court, based on its familiarity with the issues and litigants. See Brubaker, 943 F.2d at 1374.

## III. ANALYSIS

White claims that factual allegations made by the Government in its efforts to prevent the unsealing of documents in this case were factually inaccurate and made to mislead the court. As a result, he argues that sanctions should be imposed against the United States and its attorneys. However, in each instance, White has failed to show that the Government made objectively unreasonable misrepresentations or that any such representations were made for an improper purpose. Accordingly, for the reasons articulated below, the court recommends that White's Motion to Sanction the United States and its attorneys be DENIED.

A. White's Allegations Concerning "The Transcript"

White's first two claims allege that the United States has made several inaccurate assertions about "the transcript which

6

[he] asked to have unsealed." See Mot. to Sanction, at 1-2 (ECF No. 218). Specifically, White alleges that the United States did not have factual support for the following: (i) that the transcript "was tendered to [him] in discovery" in his Western District of Virginia ("W.D. Va.") criminal case; (ii) that the transcript was subject to a protective order in that case; and (iii) that the transcript was "not part of discovery which is not subject to a protective order" in his criminal case in the Northern District of Illinois. Id. Although White does not cite to or reference any specific pleadings where these allegedly false assertions were made, the United States acknowledges that it has made several relevant assertions while responding to pleadings filed by White.

With respect to White's first allegation – that the United States falsely stated that the transcript was tendered to him in discovery during his W.D. Va. criminal case - White's own pleadings support the Government's assertion. To begin with, White stated in his 2012 Motion for Contempt that an audio recording of a phone conversation, which is the source of the transcript in question, was released in discovery during his W.D. Va. criminal trial. See (ECF No. 135, at 2). This alone would make it objectively reasonable for the United States to conclude that White had access to the transcript when he received discovery materials that he claims included the tape

7

recording from which the transcript was prepared.    However, after filing this motion for sanctions, White has explicitly acknowledged that he obtained the transcript in question from the record in the W.D. Va. case.    See (ECF No. 246, at 2). Thus, there was clear evidentiary support for the contention that the transcript was tendered to him in discovery, given that White himself asserted the transcript was part of the W.D. Va. record.    Moreover, even if this fact was not established at the time it was stated in a pleading, its inclusion was not made in bad faith or meant to harass, cause delay, or increase the cost of litigation.  See In Re Kunstler, 914 F.2d at 518.

In regard to his second allegation - that the transcript was subject to a protective order in the W.D. Va. - there is evidentiary support for that assertion.    Namely, White does not dispute that there was a protective order imposed in his W.D. Va.  criminal  trial.    The  United  States  explained  in  its Opposition to White's Motion to Unseal (ECF No. 206) that it originally sought the sealing of White's 2012 pleadings because they "purported to describe materials subject to [the W.D. Va.] protective order that he received in the course of the WDVA criminal proceedings."  (ECF No. 223, at 4).  Although White's 2012 motions specifically identify an audio recording, the United States still had evidentiary support to assert that any transcript derived from such recording would be subject to the

same protective order as the recording itself. But again, even if the United States' assertion was unreasonable – which it is not – there is nothing to suggest that it was made for an improper purpose. Moreover, the protective order ultimately had no bearing on whether the transcript or any of White's pleadings were unsealed because the transcript was never part of the record in this case[2] until White filed it himself. See (ECF. Nos. 245, 246).

Finally, with respect to White's third allegation regarding the transcript – that the United States claimed it was not part of discovery which was not subject to a protective order in the Northern District of Illinois – he has failed to identify in which pleading the United States allegedly made the false assertion(s). Although White has failed to cite to a specific pleading for any of his claims, the United States explicitly denies that it ever made an assertion about whether the transcript was subject to a protective order in the Northern District of Illinois. See Opp. Mot. to Sanction (ECF No. 223, at 4 n. 1). According to the United States, it did nothing more than reference the fact that White was prosecuted criminally in Illinois. See (ECF Nos. 206, 209). Without any evidence to the contrary, sanctions are not appropriate.

---

[2] As this court noted in its Order denying White's Motion to Unseal, the court did not have jurisdiction to unseal or produce documents which are not part of the record in this case. See (ECF No. 224).

The United States' assertions concerning the transcript in this case – as far as the court can determine upon its own knowledge and review of the record here – were supported by an objectively reasonable investigation into the record and were supported by evidence.   Moreover, nothing suggests that any assertions were made for an improper purpose.   As a result, sanctions under Rule 11 are inappropriate.

B.   **White's Allegations Concerning a Phone Call/Recording**

White claims that the United States made baseless assertions about a phone call that was made to Intervening Plaintiffs' counsel, Kevin Mottley.   Specifically, White claims that the United States erroneously stated he made the phone call to Kevin Mottley, when in fact White believes the call was made by an FBI informant.   See Mot. to Sanction, at 2 (ECF No. 218). Again, White does not specifically cite to any pleading where these assertions were allegedly made, but the United States concedes that it referenced the phone call in several of its pleadings.   See Opp. Mot. to Sanction, at 6 (ECF No. 223).   The most explicit assertion was made by the United States in its Opposition to White's Motion to Unseal, where it stated that "White's threats included harassing phone calls to lead attorney for the Intervening Plaintiffs, Kevin Mottley."   (ECF No. 206, at 2-3).

Despite White's claims, however, there is evidentiary support for this assertion and it was made after an objectively reasonable investigation of the evidence.  Indeed, as the United States details in their opposition to sanctions, the assertion comes by way of reference to court filings made by the Intervening Plaintiffs against White.  In those filings, the Intervening Plaintiffs accused White of engaging in harassing and intimidating conduct towards Plaintiffs' counsel, including threatening internet postings on several websites and late-night phone calls to counsel's house.[3]  Intervening Plaintiffs' counsel apparently received the phone calls within twenty-four hours of the hearing where White, through counsel, explained the meaning of the internet postings.  (ECF No. 67, at 4-7).  The caller also asked to speak with counsel's wife by name, allegedly learning it from White's posts.  Id.  The anonymous call was addressed in the court's order denying sanctions against White in this case.  (ECF No. 196, at 13).

Read in context of the past accusations against White, there is evidentiary support for the United States' assertion that his conduct included harassing phone calls.  Importantly, there has been no factual finding in this court regarding who

---

[3] Intervening Plaintiffs alleged that White made posts referring to counsel as "open game," and compiled "a list of illegal acts that neo-Nazis were 'not' to perform 'until after the subpoena litigation is complete.'"  (ECF No. 67, at 2-4).

11

actually placed the phone call. White's contention that the calls were made by an FBI informant at the Bureau's direction is unsubstantiated. But regardless of whether White made the calls himself, in light of the evidentiary record, the United States' broad assertion is an objectively reasonable characterization of the evidence. See (ECF Nos. 195, at 34-50; 196, at 1-14). And while the United States' assertion may be vague, it is not so deliberately misleading or unsupported by fact that sanctions are warranted. See In re Bees, 562 F.3d at 288.

C.   **White's Allegation Concerning his Violation of a Protective Order**

Finally, White argues that the United States made a false assertion that he has been found to have violated a protective order. Again, White has failed to cite to or provide any example of where the United States allegedly made these assertion(s). The United States denies ever having claimed that White was "found guilty" of violating a protective order. See Opp. Mot. to Sanction, at 8 (ECF No. 223). The Government did acknowledge that it stated in its Opposition to White's Motion to Unseal that publication of documents subject to a protective order in the W.D. Va. would violate that order. Id. However, that observation is not the same as an affirmative claim that White has "been found to have violated a protective order." Without any evidence that the United States has made the alleged

assertion or that such assertion was improper, sanctions are inappropriate.[4]

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the district court DENY White's Motion to Sanction (ECF No. 218). Further, as it appears both the underlying matter and ancillary sanctions proceedings in this case have been finally concluded, the undersigned RECOMMENDS that the district court direct that no further filings will be accepted from White in this closed matter.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

---

[4] White himself informed the court that, as a result of obtaining the transcript and other documents from the W.D. Va., he "will be making no more filings in this case." (ECF No. 246, at 2).

2.   A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 28, 2016

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

William A. White #13888-084
United States Penitentiary - Marion
P.O. Box 1000
Marion, IL 62959


Kent P. Porter, VSB 22853
Counsel for United States of America
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510


Fernando Galindo, Clerk

By _____
    Deputy Clerk

_December 29_, 2016