UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA, et al.,

    Plaintiffs,

v.                                      Civil Action No. 2:07cv342

JOHN CROCKETT HENRY, et al.,

    Defendants.

-----------------------------------

In Re: William A. White, Movant/Respondent

## ORDER

Before the Court is a motion to sanction the United States and its attorneys, Kent Porter and Lori Wagner, filed on October 11, 2016, by movant and non-party, William A. White ("White"). Mot. for Sanctions 1, ECF No. 218. The United States responded on October 24, 2016, ECF No. 223, and White replied on November 7, 2016, ECF No. 233. The motion for sanctions was referred to a United States Magistrate Judge for a report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's Report and Recommendation was filed December 28, 2016, and recommends denial of White's motion to sanction. R & R 13, ECF No. 250.

On January 13, 2017, White filed objections to the Report and Recommendation, ECF No. 251, and on January 27, 2017, the Government responded to White's objections, ECF No. 252. After receiving the Magistrate Judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1); see Reddick v. White, 456 F. App'x 191, 193 (4th Cir. 2011) (holding that when a magistrate judge is only empowered to make a recommendation, such as when evaluating a sanctions motion "addressed [to] a non-party and [] issued after the conclusion of the underlying litigation," the district court's review must be de novo). In conducting a de novo review, the Court reviews the Magistrate Judge's Report and Recommendation, and examines the record, White's objections, the United States' response to White's objections, and White's reply.

Federal Rule of Civil Procedure 11(b) provides that, by presenting a pleading to the Court, an attorney certifies that "to the best of that person's knowledge, information, and belief formed after an inquiry reasonable under circumstances," the pleading:

> 1. is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2

> . . .
>
> 3. the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Civ. P. 11(b). The party moving for Rule 11 sanctions has the burden of proving a violation of Rule 11; once that burden is met, it shifts to the responding party to prove that his or her conduct was reasonable. See id. 11(c).

When evaluating whether a party has violated Rule 11(b)(1)-(3), the Court must examine the pleadings according to a standard of objective reasonableness. In re Kunstler, 914 F.2d 505, 519 (4th Cir. 1990) (addressing violation of Rule 11(b)(1)); Cabell v. Petty, 810 F.2d 463, 466-67 (4th Cir. 1987) (addressing violation of Rule 11(b)(2)-(3)). To determine whether a pleading is filed with an improper purpose, in violation of Rule 11(b)(1), "a court must ignore evidence of the injured party's subjective beliefs." In re Kunstler, 914 F.2d 505 at 519. Instead, the party alleging violation of Rule 11(b)(1) must demonstrate that the filer lacked a "sincere intent to pursue [the claim]." Id. The assertion of a legal contention violates Rule 11(b)(2) if it has "absolutely no chance of success under the existing precedent." Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 153 (4th Cir. 2002) (internal quotations omitted). Even if the law could colorably

3

support a claim, a party violates Rule 11(b)(3) where there is no factual support for the asserted claims. See id. at 154-55; Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991) ("[Factual] allegations unsupported by any information obtained prior to filing [violates Rule 11]."); Edmonds v. Gilmore, 988 F. Supp. 948, 957 (E.D. Va. 1997) (finding that while plaintiff's claims were not sufficient to survive motions to dismiss and for summary judgment, the plaintiff "articulated objectively reasonable claims" and therefore sanctions would be improper). Finally, the Advisory Committee note to Rule 11 cautions courts against "using the wisdom of hindsight," but instead directs courts to test factual allegations "by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 Advisory Committee's Notes.

White argues that the United States, through its attorneys, "[made] factual contentions knowing that they did not have evidentiary support." Mot. for Sanctions 1. According to White, the United States knowingly made false factual statements when its attorneys claimed that White had been found to have violated a protective order issued by the Western District of Virginia, that White had made the threatening phone call to attorney Mottley, that the transcript of the actual phone call was subject to a protective order in the Western District of

4

Virginia, and that White previously had received the call transcript in discovery. Id. Having reviewed White's motion for sanctions, the Magistrate Judge recommended that the district court deny the motion because White failed to meet the legal standard to demonstrate that the United States' attorneys made allegations for an improper purpose, Fed. R. Civ. P. 11(b)(1), or made allegations without evidentiary support, Fed. R. Civ. P. 11(b)(3). R & R at 13. White objects to the Magistrate Judge's Report and Recommendation for the same reasons that he argued in his initial motion for sanctions, specifically that the United States' factual assertions are false and therefore that the Magistrate Judge erred by failing to find the statements to be false. Objections to the R & R 1-4, ECF No. 251. According to White, the Magistrate Judge erred in finding it "objectively reasonable" for the United States to assert false factual statements, and thus sanctions should be imposed. Id.

The Court, upon a de novo review, finds that the Magistrate Judge correctly evaluated White's motion for sanctions. Because White's objections are restatements of his same arguments that were properly analyzed by the Magistrate Judge in detail in the Report and Recommendation, the Court finds that White's objections are without merit. Accordingly, the Court does hereby **ADOPT** and **APPROVE** the findings and recommendations set

5

forth in the Report and Recommendation filed December 28, 2016. It is, therefore, **ORDERED** that White's motion for sanctions, ECF No. 218, is **DENIED** and **DISMISSED WITH PREJUDICE**. White may appeal from the judgment entered pursuant to this Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment.

The Clerk is **DIRECTED** to mail or deliver a copy of this Order to White and to counsel of record for the United States.

It is so **ORDERED**.

/s/ *[signature]*
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 20, 2017